UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| SHAVON TYVELL BOYD, | ) |
| --- | --- |
| Plaintiff, | ) |
| | ) CAUSE NO. 3:15-CV-082 RM |
| v. | ) |
| | ) |
| COMMISSIONER, INDIANA | ) |
| DEPARTMENT OF CORRECTIONS, | ) |
| *et al.* | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

Shavon Tyvell Boyd, a *pro se* prisoner, filed an amended complaint under 42 U.S.C. § 1983. (DE 10.) A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . .." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Boyd alleges that he is a practicing "Black Jew" whose religious beliefs include that his meals must be kosher and contain one of the three meats described in Leviticus of the Tanakh (Hebrew Bible). To comply with this religious principle, he asked the Indiana Department of Corrections ("IDOC") to provide him with kosher meals that contain one of the required meats. The IDOC refused his request and provided him with a vegetarian-

-1-

based kosher diet. Mr. Boyd's religious beliefs and practices also include showering before eating and after using the toilet, praying regularly, and possessing religious material, including a prayer rug, prayer cap and Tanakh. He alleges the defendants have prevented him from exercising these religious beliefs and practices.

Prisoners enjoy a right to exercise their religion under the First Amendment, Vinning-El v. Evans, 657F.3d 591, 592-93 (7th Cir. 2011), but the right is "subject to limits appropriate to the nature of prison life." Id. Restrictions that limit the exercise of religion are permissible if they are reasonably related to legitimate penological objectives, which includes security and economic concerns. Turner v. Safley, 482 U.S. 78, 89–91 (1987); Ortiz v. Downey, 561 F.3d 664, 669 (7th Cir. 2009).

Inmates are entitled to broader religious protection under RLUIPA. Holt v. Hobbs, 135 S. Ct. 853 (2015). The statute provides in pertinent part:

> No government shall impose . . . a substantial burden on the religious exercise of a person residing in or confined to an institution . . . unless the government demonstrates that imposition of the burden on that person—
> (1) is in furtherance of a compelling governmental interest; and
> (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a). A "substantial burden" on religious exercise is "one that necessarily bears direct, primary, and fundamental responsibility for rendering religious exercise. . . effectively impracticable." Civil Liberties for Urban Believers v. City of Chicago, 342 F.3d 752, 761 (7th Cir. 2003). Furthermore, RLUIPA does not "elevate accommodation of religious observances over an institution's need to maintain order and

safety . . . [and] an accommodation must be measured so that it does not override other significant interests." Cutter v. Wilkinson, 544 U.S. 709, 722 (2005). Courts apply RLUIPA "with due deference to the experience and expertise of prison and jail administrators in establishing necessary regulations and procedures to maintain good order, security and discipline, consistent with consideration of costs and limited resources." Id. at 723. While RLUIPA can be used to obtain injunctive relief, it doesn't provide a cause of action for money damages against state prison officials. Sossamon v. Texas, 131 S.Ct. 1651 (2011).

Mr. Boyd says that a fundamental tenet of his religious beliefs is that he must eat a kosher meal that contains one of the required meats. He alleges that the IDOC's kosher diet substantially burdens his religious exercise because it doesn't contain any of these meats in accordance with Mr. Boyd's sincerely held religious beliefs. Mr. Boyd has sued Bruce Lemmon, the Commissioner of the IDOC, in his official capacity under RLUIPA in an effort to obtain koshers meal containing kosher meats. Although further factual development might show that the prison had legitimate reasons for refusing to let Mr. Boyd have a kosher diet containing kosher meats, he has alleged enough to proceed past the pleading stage.[1] See Vinning-El v. Evans, 657 F.3d at 593 (reversing judgment for defendant where

---

[1] It cannot go unnoticed, however, that in September 2013 he brought a claim pursuant to RLUIPA against the IDOC in the Southern District of Indiana under Cause No. 3:13-CV-185. There, Mr. Boyd alleged that the DOC refused to provide him with a kosher diet. Mr. Boyd settled that case in December 2014 and the DOC agreed to provide him with a kosher diet. (DE 10 at 16-19.)The terms of the settlement in 3:13-CV-185 included that in exchange for the DOC "granting of a kosher diet subject to the IDOC kosher diet policies, I, Shavon Boyd, do hereby release, acquit and forever discharge [the State of Indiana and the Department of Corrections] from any and all actions. . . resulting or to result from the denial of a kosher diet by Defendants . . . which are the subject of [this] lawsuit or . . . any claim that could have been raised concerning the denial of a kosher diet and any claim that may exist against Defendants concerning the denial of a kosher diet . . .." (DE 10 at 16.) It may very well be that the defendants will assert an affirmative defense to allege that this settlement agreement bars or otherwise affects Mr. Boyd's claim.

prisoner claimed he was denied a vegan diet in accordance with his religious beliefs); Nelson v. Miller, 570 F.3d 868, 880 (7th Cir. 2009) (refusal to provide Roman Catholic inmate a non-meat diet on Fridays and during Lent substantially burdened his religious practice); Hunafa v. Murphy, 907 F.2d 46, 47-48 (7th Cir. 1990) (denying Muslim inmate a non-pork diet unduly burdened his religious practice).

Mr. Boyd also claims that David Liebel, the Religious Director for IDOC, violated his First Amendment and RLUIPA rights by directing chaplains to prevent him from praying in the dorm and from bathing before consuming food and after using the bathroom, as required by his religion. Mr. Boyd sues Mr. Liebel in his official capacity as the Director of Religious and Volunteer Services at the IDOC. Not allowing Mr. Boyd to engage in prayer without a compelling governmental interest would violate the First Amendment and RLUIPA. See Lindh v. Warden, Federal Correctional Institute, Terre Haute, Ind., No. 2:09-CV-215, 2013 WL 139699 (S.D. Ind. January 11, 2013). Similarly, not allowing him to engage in specific, meaningful acts of religious expression, such as washing as required by his religion, can violate RLUIPA. Meyer v. Teslik, F.Supp.2d 983, 989 (W.D. Wisc. 2006). Giving Mr. Boyd the inferences to which he is entitled at this stage, he has stated a claim against David Liebel in his official capacity.

Mr. Boyd claims Sgt. Johnson violated his First Amendment and RLUIPA rights by

---

However, because Mr. Boyd is asserting that his current claim is a new violation of RLUIPA, the affirmative defense is not so plain from the face of the complaint that the court will decide it at this time. See Walker v. Thompson, 288 F.3d 1005, 1010 (7th Cir. 2002) ("[W]hen the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit."). Instead, the defendants may raise any such affirmative defense on their own.

destroying his sacred religious materials and for threatening to issue him a conduct report if he is caught praying in the dorm. He sues Sgt. Johnson in both her official and individual capacities. Since the alleged acts could plausibly substantially burden Mr. Boyd's practice of his religion and his right to engage in specific acts of meaningful religious expression, Mr. Boyd has pleaded a First Amendment and RLUIPA claim against Sgt. Johnson. Because "public employees are responsible for their own misdeeds" Burks v. Raemisch, 555 F.3d 592, 596 (7th Cir. 2009), Mr. Boyd has stated a claim against Sgt. Johnson in her individual capacity.

An official capacity claim requires more. "[A] suit against a[n] . . . official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978), allows suits against municipalities based on a policy, practice, or custom. There is no allegation that Sgt. Johnson was any sort of policymaker or was carrying out any policy. Mr. Boyd can't proceed under this complant with an official capacity claim against Sgt. Johnson.

Mr. Boyd claims Sharon Hawk, director of Therapeutic Community, violated his First Amendment and RLUIPA rights by directing staff of Therapeutic Community not to let him pray in the dorm and to prevent him from showering after using the bathroom. Ms. Hawk has been sued in both her official and individual capacities. According to Mr. Boyd, Ms. Hawk did this because she didn't want him to exercise his religion while being a part of her program. These allegations are sufficient to establish both a First Amendment and

RLUIPA claim against Ms. Hawk in her individual capacity. See Lindh v. Warden, 2013 WL 139699 at *11. And because she was solely in charge of Therapeutic Community, a federally funded program designed to help offenders with drug addiction problems and established its policies, Mr. Boyd has also stated a claim against her in her official capacity.

Finally, Mr. Boyd claims Chaplains Ungrodt and Green violated his First Amendment and RLUIPA rights by depriving him of the opportunity to shower before eating and after using the restroom, the opportunity to pray in the dorm, and to possess religious material, which has imposed a substantial burden on his ability to exercise his religion. He sues both chaplains in their official and individual capacities. Mr. Boyd alleges the chaplains are discriminating against him because they don't believe "Black Jews" are a true religion. Although further factual development may show otherwise, Mr. Boyd has stated enough against Chaplains Ungrodt and Green in their individual capacities to proceed past the pleading stage. *See* Ortiz v. Downey, 561 F.3d at 669-770 (inmate stated claim based on his allegation that prison denied him religious articles without adequate penological justification). There are no allegations that these defendants were in charge of the religious programing at the IDOC or established the prison's religious policies. Because of that, Mr. Boyd has not stated a claim against them in their official capacities.

For these reasons, the court:

(1) GRANTS Shavon Tyvell Boyd leave to proceed against Bruce Lemmon in his official capacity as Commissioner of the IDOC for injunctive relief seeking kosher meals containing kosher meats under the Religious Land Use and

Institutionalized Persons Act, 42 U.S.C. § 2000cc-1(a);

(2) GRANTS Shavon Tyvell Boyd leave to proceed on a claim against David Liebel in his official capacity for injunctive relief seeking the right to be permitted to practice his religious beliefs and practices which include the ability to pray in the dorm, wash three times a day before consuming food, and wash after using the toilet pursuant to the First Amendment and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1(a);

(3) GRANTS Shavon Tyvell Boyd leave to proceed on a claim against Sgt. Johnson in her individual capacity for compensatory and punitive damages for substantially burdening the practice of his religion by denying him the right to possess religious materials and to pray in the dorm in violation of the First Amendment;

(4) GRANTS Shavon Tyvell Boyd leave to proceed on a claim against Sgt. Johnson in her individual capacity for injunctive relief for substantially burdening the practice of his religion by denying him the right to possess religious materials and to pray in the dorm in violation of the First Amendment and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1(a);

(5) GRANTS Shavon Tyvell Boyd leave to proceed on a claim against Sharon Hawk in both her official and individual capacities for compensatory and punitive damages for substantially burdening the practice of his religion by denying him the right to possess religious materials and to pray in the dorm pursuant to the First

Amendment;

(6) GRANTS Shavon Tyvell Boyd leave to proceed on a claim against Sharon Hawk in both her official and individual capacities for injunctive relief seeking the right to be permitted to practice his religious beliefs and practices which include the ability to pray in the dorm, wash three times a day before consuming food, and wash after using the toilet pursuant to the First Amendment and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1(a) ;

(7) GRANTS Shavon Tyvell Boyd leave to proceed on a claim against Chaplains Ungrodt and Green in their individual capacities for compensatory and punitive damages for substantially burdening the practice of his religion by denying him the opportunity to shower before eating and after using the toilet, the opportunity to pray in the dorm, and to possess religious material in violation of the First Amendment;

(8) GRANTS Shavon Tyvell Boyd leave to proceed on a claim against Chaplains Ungrodt and Green in their individual capacities for injunctive relief seeking the right to be permitted to practice his religious beliefs and practices which include the ability to pray in the dorm, wash three times a day before consuming food, wash after using the toilet, and possess religious material, in violation of the First Amendment and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1(a);

(9) DISMISSES all other claims;

(10) GRANTS the requests for service by the U.S. Marshals Service (DE 15, 16) and DIRECTS the U.S. Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Bruce Lemmon, David Liebel, Sgt. Johnson, Sharon Hawk, Chaplain Ungrodt, and Chaplain Green; and

(11) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Bruce Lemmon, David Liebel, Sgt. Johnson, Sharon Hawk, Chaplain Ungrodt, and Chaplain Green respond, as provided for in the FEDERAL RULES OF CIVIL PROCEDURE and N.D. IND. L.R. 10.1, only to the claim for which the *pro se* plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: May 26, 2015.

                                        /s/ Robert L. Miller, Jr.
                                        Judge
                                        United States District Court